IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA VALERIO BALDERAS,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN EXPEDITING LOGISTICS, LLC,<br><br>Defendant. | CIVIL ACTION NO. |

**COMPLAINT**

Plaintiff Linda Valerio Balderas files this Complaint against Defendant American Expediting Logistics, LLC ("American Expediting"), on behalf of herself and all other similarly situated individuals, seeking relief from American Expediting's violations of the Worker Adjustment and Retraining Notification Act ("WARN Act" – 29 U.S.C. §§ 2101 *et seq.*), and in support states the following:

**PRELIMINARY STATEMENT**

1. On June 3, 2026, at 11:54 p.m., American Expediting emailed Balderas and other employees of American Expediting, stating that "we have made the difficult decision to conduct a wind-down of operations, effective immediately."

2. On June 4, 2026, at 5:00 p.m., American Expediting terminated the employment of all its U.S. based employees.

3. Prior to sending its June 3rd email, American Expediting never notified Balderas or other employees that it was planning to cease operations or terminate the employment of all its U.S. based employees.

4. Plaintiff is initiating this class action matter on behalf of all former U.S. based employees of American Expediting who were notified by American Expediting on or about June 3, 2026, that the company was ceasing operations and that, as a result, their employment with the company would be terminated.

**THE PARTIES**

5. Plaintiff Linda Valerio Balderas is an adult individual who resides in Pittsburgh, Pennsylvania.

6. Defendant American Expediting is a limited liability company organized under Pennsylvania law with headquarters located at 1400 N Providence Rd, Suite 410, Media, Pennsylvania 19063.

7. At all relevant times, American Expediting was an employer as defined by the WARN Act because it employed 100 or more employees on June 3, 2026, the day it ceased operations.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that the claims of Balderas and all other similarly situated individuals (i.e. all former U.S. based American Expediting employees) ("American Expediting Class") arise under the laws of the United States and Balderas and the American Expediting Class Members seek redress for violations of federal laws.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391, as Defendant is located within the Eastern District of Pennsylvania and a substantial part of the events and omissions giving rise to this action occurred within the Eastern District of Pennsylvania.

## FACTUAL BACKGROUND

10. American Expediting is a transportation and logistics company that specialized in completing urgent and on-demand deliveries for companies that operated in the healthcare, automotive, airline, and life sciences industries.

11. American Expediting's business relied upon a network of 5,000 drivers, 23 forward stocking warehouses, 55 flexible stocking locations, and a variety of business partnerships to conduct its delivery operations throughout the United States and Canada.

12. Upon information and belief, in June 2026, American Expediting employed over 100 full-time employees, which included 86 employees who worked at its Media, Pennsylvania location; approximately 20 employees who worked at the company's Pittsburgh, Pennsylvania location; and additional employees who worked at the company's 23 forward stocking warehouses and 55 flexible stocking locations.

13. Upon information and belief, American Expediting's network of 5,000 drivers worked for American Expediting as independent contractors.

14. In June 2026, Balderas worked for American Expediting at its Pittsburgh, Pennsylvania location as a full-time Dispatcher.

15. On June 3, 2026, at 11:54 p.m., American Expediting emailed Balderas and the American Expediting Class Members, and stated the following:

a. American Expediting would be winding down its operations immediately;

b. American Expediting had "experienced a period of prolonged financial pressure, due in part to reduced healthcare spending and ongoing pressures across the transportation sector";

c. American Expediting believed "very recently… there was a viable path forward and we regret sharing this news with you on such short notice"; and

d. "All employees will be separated from the Company effective tomorrow, June 4, 2026, at 5:00pm local time."

16. Prior to the company's June 3, 2026 email, American Expediting never provided any notice to Balderas and the American Expediting Class Members that it was contemplating mass layoffs, closure of any of its employment sites with 50 or more employees, or the termination of employment for all its employees.

17. American Expediting's decision to immediately terminate the employment of all its employees deprived Plaintiff, the American Expediting Class Members, and "their families some transition time to adjust to the prospective loss of employment, to seek and obtain alternative jobs and, if necessary, to enter skill training or retraining that will allow these workers to successfully compete in the job market." 20 C.F.R. § 639.1(a).

18. American Expediting's decision to immediately terminate the employment of all its employees violated the WARN Act's requirement for employers to provide its employees with at least a 60-day notice period prior to conducting mass layoffs and/or the closure of an employment site.

## CLASS ACTION ALLEGATIONS

19. Balderas brings this action on behalf of herself and the other American Expediting Class Members pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3). For this class action matter, Balderas and the other American Expediting Class Members are similarly situated because (a) they were previously employed by American Expediting; (b) they were covered by the WARN Act pursuant to their employment status with American Expediting; (c) they received notice on or about June 3, 2026 that American Expediting was immediately ceasing operations; and (d) their employment with American Expediting was terminated because the company ceased operations on or about June 3, 2026.

20. The individuals who comprise the American Expediting Class are so numerous that joinder of all the American Expediting Class Members is impracticable. Balderas believes that there may be over 200 members in the class.

21. Balderas' claims, as the representative party, is typical of the claims of the American Expediting Class as they are all former employees of American Expediting whose employment was suddenly terminated by the company in June 2026, without any prior notice or notice which complied with the provisions of the WARN Act.

22. Balderas will fairly and adequately protect the interests of the American Expediting Class.

23. Balderas has retained counsel who is competent and experienced in the prosecution of class-action matters.

24. Questions of law and fact common to the members of the American Expediting Class predominate over questions that may affect only individual class members because American Expediting has acted on grounds generally applicable to the entire American Expediting Class.

25. Questions of law and fact common to the case include, without limitation:

a. Whether the American Expediting Class Members were affected employees of American Expediting, as defined by the WARN Act, in June 2026;

b. Whether American Expediting terminated the employment of the American Expediting Class Members in June 2026 without cause;

c. Whether American Expediting terminated the employment of the American Expediting Class Members in June 2026 without providing 60 days written notice;

d. Whether American Expediting may rely upon the WARN Act's "unforeseeable business circumstances" defense;

e. Whether American Expediting's failure to provide 60 days' notice to the American Expediting Class Members violated the WARN Act; and

f. Whether American Expediting's failure to provide 60 days' notice to the American Expediting Class Members entitles the American Expediting Class Members to all available damages and remedies that are provided by the WARN Act.

26. Class action treatment is the superior method for the fair and efficient adjudication of this controversy. Class treatment will permit a large number of similarly situated individuals to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that would occur if each action were adjudicated individually. The class mechanism will allow injured individuals to obtain redress on claims that could not practicably be pursued individually. These considerations in favor of class treatment substantially outweigh potential difficulties in management of this class action.

## STATEMENT OF CLAIMS

### COUNT I

Violations of the WARN Act
(Plaintiff and the American Expediting Class v. Defendant)

27. Balderas and the other American Expediting Class Members incorporate by reference the allegations in Paragraphs 1 through 26, as if fully set forth herein.

28. In June 2026, the WARN Act applied to American Expediting because it employed 100 or more full-time employees and/or employed 100 or more employees who in the aggregate work at least 4,000 hours per week. 29 U.S.C. § 2101(a).

29. On June 3, 2026, American Expediting announced that it was ceasing operations, and it terminated the employment of Balderas and the other American Expediting Class Members the following day.

30. By terminating the employment of Balderas and the other American Expediting Class Members on June 4, 2026, American Expediting failed to comply with the notice provisions of the WARN Act. 29 U.S.C. § 2102(a); 20 C.F.R. §§ 639.4, 639.5.

31. Upon information and belief, American Expediting terminated the employment of all its employees on June 4, 2026.

32. Upon information and belief, American Expediting terminated the employment of all its employees who were employed at its Media, Pennsylvania employment site.

33. Upon information and belief, the circumstances which led to American Expediting ceasing operations on June 3, 2026, were reasonably foreseeable. As a result, American Expediting's decision to provide Balderas and the other American Expediting Class Members with only 17 hours' notice that their employment would be terminated on June 4, 2026, violated the provisions of the WARN Act.

34. American Expediting's failure to provide notice, as required by the WARN Act, to Balderas and the other American Expediting Class Members was done in a knowing, willful, wanton, reckless, and bad faith manner.

35. As a proximate result of American Expediting's violations of the WARN Act, Balderas and the other American Expediting Class Members seek all damages available to them pursuant to the WARN Act.

**REQUESTS FOR RELIEF**

Accordingly, Balderas and the other American Expediting Class Members request that this Court enter judgment on their behalf and enter an order directing the award of other relief, as follows:

A. Certify the proposed American Expediting Class to litigate the claims in this Complaint for class-wide adjudication under Federal Rule of Civil Procedure 23(a), (b)(3) and/or (c)(4);

B. Appoint Balderas' Counsel as Class Counsel for the Class pursuant to Rule 23(g)(1);

C. Entering an order requiring American Expediting to provide Balderas with the names and last known contact information, including physical addresses, e-mail addresses, and telephone numbers of all American Expediting Class Members whose employment ended in June 2026;

D. Entering an order directing that notice and an opportunity to opt-in be given to all American Expediting Class Members whose employment ended in June 2026;

E. Finding that American Expediting violated the WARN Act;

F. Awarding Balderas and the other American Expediting Class Members all emoluments of employment that they would be entitled to if they had continued to be employed with Defendant for a 60-day period from June 4, 2026, which includes back pay, lost benefits, and such other relief as is necessary to make them whole;

G. Awarding Balderas and the other American Expediting Class Members attorneys' fees and costs;

H. Awarding Balderas and the other American Expediting Class Members pre- and post-judgment interest as provided by law; and

I. Awarding Balderas and the other American Expediting Class Members any other relief to which they are entitled and/or which this Court deems necessary and proper

**A jury trial is demanded for all claims triable by jury.**

Respectfully submitted,

/s/ Sammy Sugiura
Sammy Y. Sugiura
Greenberg Gross LLP
1650 Market Street, Suite 3600,
Philadelphia, PA 19103
SSugiura@GGTrialLaw.com

**Counsel for Plaintiff Balderas and the American Expediting Class Members**